# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| UNIVERSAL PROTECTION SERVICE, LP, a California Limited Partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLY J. WAVADA, an individual, JOEL E. LAUFFER, an individual, LeETTA L. SUHR, an individual, MIKE WEATHERL, an individual, and AGTAC SERVICES, LLC, a Nebraska Limited Liability Company,<br><br>        Defendants. | Case No. 4:16-cv-3039<br><br>**MEMORANDUM AND ORDER** |

On March 23, 2016, counsel for the parties appeared before this Court for a hearing on Plaintiff Universal Protection Service, LP's ("Universal Protection") Motion for a Temporary Restraining Order ("TRO") against Defendants Kelly J. Wavada, Joel E. Lauffer, LeEtta L. Suhr, Mike Weatherl, and AgTac Services, LLC (collectively, "Defendants") to immediately enjoin them from violating their alleged contractual obligations and from engaging in certain acts allegedly in violation of Universal Protection's rights pursuant to Nebraska's Trade Secrets Act (the "NTSA"), Neb. Rev. Stat. § 87-502 *et seq.* and the common law.

Based on the record of this court, the exhibits received in evidence, written submissions, the arguments of counsel and the governing standard for issuance of a Temporary Restraining Order with notice under Federal Rule of Civil Procedure 65 and the precedents of the Eighth Circuit Court of Appeals,

    IT IS ORDERED that:

    (1)  The Motion for Temporary Restraining Order (filing no. 3) is denied except as provided in the following portions of this Order, and, to that extent, the Motion is granted.

    (2)  From this date forward, no Defendant shall disclose to third parties or use: (a) pricing or margin information; (b) customer lists in document form or in the form of electronic media; or (c) sales materials in document form or in the form of electronic media, *if* the

foregoing was obtained by Kelly J. Wavada, Joel E. Lauffer, or LeEtta Suhr in the course of their employment with Universal Protection or the related entity known as ABM.

(3) From this date forward, Wavada and Lauffer shall not solicit or attempt to solicit, on behalf of any person or entity, business from any Universal Protection customers or clients whose identity, goals, needs, preferences, employees or plans that they became aware of or familiar with, directly or indirectly, as a result of providing services to Universal or the related entity known as ABM.

(4) From this date forward, Wavada and Lauffer shall not solicit or attempt to solicit, on behalf of any person or entity, any current Universal Protection employees with whom they had contact or developed a professional relationship during their employment with Universal or the related entity known as ABM.

(5) The provisions of this Order are binding upon AgTac Services, LLC and its principals, owners, agents, servants and employees.

(6) This Order shall remain in full force until altered, amended or vacated by the Court.

(7) No later than the close of business on Wednesday, April 6, 2016, Universal Protection shall file a bond, with good and sufficient surety, in the sum of Fifty Thousand dollars or such other undertaking as is acceptable to the Defendants.

(8) The parties are directed to contact Judge Gerrard's chambers for all further matters regarding this case. Judge Gerrard remains the judge assigned to this case. Accordingly, he may alter, amend or vacate this Order as he deems proper.

March 23, 2016 at about 3:20 PM.     BY THE COURT:

                                               s/*Richard G. Kopf*
                                               Senior United States District Judge