# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNIVERSAL PROTECTION
SERVICE, LP, a California Limited
Partnership,,

        Plaintiff,

vs.

KELLY J. WAVADA, et al.,

        Defendants.

4:16-CV-3039

ORDER

This matter is before the Court on the Plaintiff's Motion for Preliminary Injunction Hearing (filing 47). That motion will be denied without prejudice.

The plaintiff's motion asks the Court to "schedule a hearing date—at a date and time of the Court's choosing—at which Plaintiff will present arguments and evidence in support of a motion for preliminary injunction . . . ." Filing 47 at 1. But no such motion for preliminary injunction has been filed.

The plaintiffs filed a motion for temporary restraining order (filing 3) on March 21, 2016. The case was temporarily assigned to Judge Kopf for purposes of that motion. Filing 14. A hearing was set for the afternoon of March 23. Filing 15. On the morning of March 23, process was served on each of the defendants. Filings 28, 29, 30, 31, 32. The hearing was held as scheduled, and counsel appeared at the hearing on behalf of the defendants. Filing 33; filing 44 at 5. Later that day, Judge Kopf entered an order granting the motion for a temporary restraining order in part, and denying it in part. Filing 38. Judge Kopf's order enjoins the defendants from engaging in certain activity and expressly provides that it shall "remain in full force until altered, amended or vacated by the Court." Filing 38.

Fed. R. Civ. P. 65(b)(2) provides that if a temporary restraining order is issued without notice, it shall expire 14 days later unless extended. And likewise, if a temporary restraining order is issued without notice, a motion for preliminary injunction hearing must be set for hearing at the earliest possible time. Rule 65(b)(3). And on 2 days' notice to a party who obtains a temporary restraining order without notice, the adverse party may appear and move to dissolve or modify the order. Rule 65(b)(4).

But Judge Kopf's order was issued *with* notice, and all the parties appeared at the hearing on the plaintiff's motion. Therefore, the provisions of Rule 65(b), governing the hearing and termination of orders issued *without* notice, are not applicable. Instead, the procedural posture of the case is that the plaintiff's motion for temporary restraining order has been disposed of, and Judge Kopf's order granting injunctive relief remains in effect and binding on the parties until further order of the Court.

In other words, there is no motion currently pending before Judge Gerrard that requires a hearing. A hearing might be required if the plaintiff filed a motion to expand or amend the terms of the existing injunction, or if the defendant moved to dissolve or modify the existing injunction. But at this point, no such motions have been filed.

So, the Court will deny the plaintiff's motion to set a hearing, for two reasons. First, it is premature to set a hearing on a hypothetical motion. And second, motions relating to discovery and progression (filings 23 and 46) are under submission to the Magistrate Judge—in this district, discovery and case progression are primarily entrusted to the Magistrate Judge, see NECivR 72.1, and the Court is not inclined to engage in scheduling that might interfere with the Magistrate Judge's responsibilities. If a party files a motion that requires a hearing, a hearing can be scheduled at that time.

IT IS ORDERED that the Plaintiff's Motion for Preliminary Injunction Hearing (filing 47) is denied without prejudice.

Dated this 11th day of April, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge